IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OLEN D. STORY, ET AL.          §
                               §
          Plaintiffs,          §
                               §
VS.                            §   NO. 4:05-CV-054-A
                               §
HOME DEPOT, U.S.A., Inc.,      §
                               §
          Defendant.           §

MEMORANDUM OPINION
AND
ORDER

Came on for consideration the motion of plaintiffs, Olen D.
Story ("Olen") and Leah R. Story, to remand.  Having considered
the motion, the response of defendants, Home Depot U.S.A., Inc.
("Home Depot"), Peter Kimzey ("Kimzey"), and Bob Gjerde
("Gjerde"), plaintiffs' reply, the representations made to the
court during a telephone conference held on April 29, 2005, the
legal memoranda and other documents filed in this action, and
applicable authorities, the court concludes that the motion
should be denied.

I.

Background

Plaintiffs, citizens of Texas, filed their original amended
petition ("amended petition") in state court on January 11, 2005,
and it remains the active pleading.  They assert claims for
negligence against: (1) Home Depot, a Delaware corporation having

its principal place of business in Georgia; (2) Kimzey, a citizen of Wisconsin;[1] and (3) Gjerde, a citizen of Texas.

By their state court allegations, plaintiffs complain that Kimzey, while acting in the scope of his employment at a Home Depot store, recklessly unloaded lumber and thereby injured Olen, a customer of the Home Depot store.  Plaintiffs allege that Gjerde, the manager of the Home Depot store at the time of Olen's injury,[2] was negligent for failure to: (1) "properly manage and supervise employees"; (2) "properly manage the department where this incident took place"; (3) "properly train employees on how to unload lumber"; and (4) "assist, or provide assistance to Peter Kimzey while he was unloading the lumber."  Notice of Removal, Tab 4 at 5-6.

On January 27, 2005, defendants filed a notice of removal based on diversity jurisdiction, on the grounds that Gjerde is improperly joined[3] and is not to be considered in determining diversity of citizenship.  On February 25, 2005, plaintiffs filed their motion to remand.

_____

[1]Although plaintiffs' amended petition states that Kimzey resided in Texas, they do not dispute that Kimzey was a citizen of Wisconsin at the time the lawsuit was filed.

[2]Plaintiffs' amended petition alleged that Gjerde was the "manager/supervisor and/or employee" of the Home Depot store at the time of Olen's injury.  Notice of Removal, Tab 4 at 3. However, defendants have since admitted that Gjerde was the "store manager for the Home Depot store in question at the time of the occurrence."  Defs.' Resp. in Opp'n to Mot. to Remand at 3.

[3]The the notice of removal used the term "fraudulently joined"; however, the Fifth Circuit has adopted the term "improper joinder."  See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). Although there is no substantive difference between the two terms, the court has substituted the Fifth Circuit's preferred language.  See id.

II.

Analysis

A.   Defendants' Notice of Removal was Timely

    In their motion to remand, plaintiffs first argue that the notice of removal was untimely, because it was filed more than thirty days after defendants were served with plaintiffs' original petition.  Mot. at 2-3; see 28 U.S.C. § 1446(a). Defendants respond that the suit was not removable at the time of filing and that the first point at which they could ascertain the suit was removable was when they were served with plaintiffs' amended petition.  Resp. at 2-3; see 28 U.S.C. § 1446(b).

    Plaintiffs' original petition does not allege a specific amount of damages, and the court does not find that it is facially apparent that the claims in such petition exceed the jurisdictional amount.  See White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) (citing St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).  Therefore, this action was not removable at the time of filing, and the applicable time limit for filing a motion to remand is found in 28 U.S.C. § 1446(b).  See Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).

    The thirty-day time limit of § 1446(b) does not start until a defendant receives, after the petition is filed, an "other paper" from which the defendant can ascertain that the case has become removable.  Id.  Having considered the documents filed in response to the court's April 18, 2005, order and the

3

representations made on the record during the telephone conference held April 29, 2005, the court is satisfied that the thirty-day time limit of § 1446(b) did not start until defendants were served with plaintiffs' amended petition on January 17, 2005.  Therefore, the notice of removal filed January 27, 2005, is timely.

B.   Gjerde was Improperly Joined

A party seeking removal on the basis of improper joinder bears a heavy burden.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir.2004).  Improper joinder may be established by: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Id. at 573 (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  Because defendants have not alleged actual fraud in the pleadings, the test for improper joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

Id. (citing Travis, 326 F.3d at 648).  To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Id. at 573-74.

4

Defendants argue, based primarily on <u>Leitch v. Hornsby</u>, 935 S.W.2d 114 (Tex. 1996), that there is no arguably reasonable basis for holding Gjerde liable for plaintiffs' injuries.  Resp. at 4-5.  In <u>Leitch</u>, the Texas Supreme Court explained when individual liability will be imposed on a corporate officer or agent acting in the scope of employment: "[I]ndividual liability arises only when the officer or agent owes an <u>independent duty</u> of reasonable care to the injured party <u>apart from the employer's duty</u>."  <u>Id.</u> at 117 (emphasis added).  <u>Leitch</u> dealt with a corporation's duty to provide a safe workplace for employees, rather than a corporation's duty to third-person invitees.  <u>Id.</u> The Fifth Circuit has noted that "<u>Leitch</u> was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context." <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 294 n.5 (5th Cir. 2000).  However, the Texas Supreme Court recently applied <u>Leitch</u> in favor of the invitor in an invitor-invitee case.  <u>Tri v. J.T.T.</u>, No. 03-0794, 2005 WL 1124734 (Tex. May 13, 2005). In light of <u>Tri</u>, the court is satisfied that the principles of <u>Leitch</u> are controlling in this action.  Therefore, unless Gjerde had an independent duty to plaintiffs, there is no reasonable possibility of recovery against Gjerde, and Gjerde is improperly joined.

The question then is whether Gjerde had an independent duty apart from the duty of Home Depot.  As noted above, plaintiffs claim that Gjerde failed to: (1) "properly manage and supervise employees"; (2) "properly manage the department where this

incident took place"; (3) "properly train employees on how to unload lumber"; and (4) "assist, or provide assistance to Peter Kimzey while he was unloading the lumber." None of those conclusory allegations suggests that Gjerde owed an independent duty to plaintiffs. Instead, plaintiffs' sole argument for the existence of such an independent duty is based on Leyendecker & Assocs., Inc. v. Wechter, which held that an employee is liable for tortious acts that he directs or participates in. 683 S.W.2d 369, 375  (Tex. 1984).[4]  The only factual, as opposed to conclusory, allegations supporting plaintiffs' independent-duty claim against Gjerde are found in paragraphs 5.8 and 5.9 of plaintiffs' amended petition:

> 5.8 Peter Kimzey went back inside to ask for assistance from another Home Depot employee.

> 5.9 Upon his return, Peter Kimzey informed Olen Story, that Defendant Bob Gjerde, told Peter Kimzey to unload the lumber himself.

Notice of Removal, Tab 4 at 4 (error in original). Although the court questions the applicability of Leyendecker,[5] it nevertheless assumes for the sake of argument that Gjerde's direction of, or participation in, Kimzey's alleged acts could provide an independent duty under Leitch, 935 S.W.2d at 118.

---

[4]Plaintiffs' counsel made this argument in the telephone conference held April 29, 2005, but did not repeat it in plaintiffs'memorandum of law on the issue.

[5]Leyendecker & Assocs., Inc. v. Wechter involved an intentional tort, which does not require the existence of a duty. 683 S.W.2d 369 (Tex. 1984). Although some Texas courts of appeal have applied Leyendecker to negligence actions, see, e.g., McIntosh v. Copeland, 894 S.W.2d 60, 63 (Tex. App.--Austin 1995, writ denied), the court is unaware of any such case decided after Leitch, 935 S.W.2d at 118.

However, the undisputed facts in this case, discussed below, demonstrate that plaintiffs could not show the presence of such a duty.

As authorized by <u>Smallwood</u>, the court conducted a summary inquiry during the telephone conference held April 29, 2005, to discover the presence of discrete and undisputed facts that could preclude recovery against Gjerde.  At that time, defendants' counsel represented that both Kimzey and Gjerde denied the allegations of paragraphs 5.8 and 5.9 in plaintiffs' amended petition.  The court at that time ordered the parties to provide legal memoranda regarding Gjerde's duty[6] to plaintiffs, and allowed the parties to include affidavits or declarations with their memoranda.  The court further advised the parties that it would consider a motion for extension of time if either side needed additional time to obtain documentation.

Plaintiffs and defendants filed their legal memoranda on May 4 and May 9, 2005, respectively.  Defendants' memorandum included the affidavits of Kimzey and Gjerde, who each denied that Kimzey requested assistance from Gjerde.  App. Supp. Mem. at 1 & 2. Plaintiffs' counsel was on notice, based on the representations of defendants' counsel during the April 29, 2005, telephone conference, that Kimzey and Gjerde denied plaintiffs' allegations, and should have anticipated that defendants would file declarations or affidavits to that effect.  However,

---

[6]The court also ordered the parties to provide authority regarding the issue of causation.  Because the court determines that Gjerde did not have an independent duty to plaintiffs, it need not discuss the issue of causation.

plaintiffs did not provide any evidentiary support for their allegations.  Moreover, since that time, the court has received no request from plaintiffs for leave to file a counter-declaration or for an extension of time to prepare such a declaration.  In the absence of any contrary evidence, the undisputed facts, as set forth in the declarations of Kimzey and Gjerde, establish that Gjerde did not direct or participate in the alleged negligent actions of Kimzey.  Leyendecker is therefore inapplicable.  Because plaintiffs have not alleged any other basis for the finding of an independent duty on the part of Gjerde, there is no reasonable basis for the court to predict that plaintiffs could recover against Gjerde, the lone in-state defendant.  Accordingly,

III.

O R D E R

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

SIGNED May   27  , 2005.

                         /s/ John McBryde
                    JOHN McBRYDE
                    United States District Judge

8