```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


OLEN D. STORY, ET AL.,          §
                                §
           Plaintiffs,           §
                                §
VS.                             §    NO. 4:05-CV-054-A
                                §
HOME DEPOT U.S.A., INC.,        §
ET AL.,                         §
                                §
           Defendants.           §
```

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants, Home Depot U.S.A., Inc. ("Home Depot") and Peter Kimzey ("Kimzey"), for partial summary judgment. The court, after having reviewed the motion, the evidentiary material submitted in support of their respective positions, the record, and applicable authorities, concludes that the motion should be granted.

I.

Plaintiffs' Complaint

Plaintiffs instituted this action by the filing of their original petition in the District Court of Tarrant County, Texas, 17th Judicial District, on October 22, 2004. An amended petition was filed on January 11, 2005. On January 27, 2005, defendants[1] filed a notice of removal to this court. Plaintiffs alleged negligence claims against Home Depot and Kimzey, a Home Depot employee, for damages suffered by plaintiffs because of injuries

---

[1] Bob Gjerde, who was a defendant when the case was removed, joined in the notice. He has since been dismissed from the action.

sustained by Olen D. Story ("Olen") while lumber was being unloaded from his truck at a Home Depot store in Euless, Texas, on October 22, 2005. As to Home Depot, plaintiffs alleged that it negligently failed to (1) properly manage and supervise employees, and (2) properly train employees on the proper procedures for unloading lumber. As to Kimzey, plaintiffs alleged that he negligently failed to (1) maintain proper lookout, (2) unload the lumber in a cautionary and responsible manner, (3) pay attention, (4) act in a responsible manner, and (5) obtain sufficient assistance for unloading the lumber. Plaintiffs alleged that Home Depot is liable for the conduct of Kimzey as well as its own.

## II.

## Grounds of the Motion

Home Depot and Kimzey move for partial summary judgment on the following grounds:

1. As to Home Depot, that there is no evidence to support (1) the allegation that Home Depot failed to properly manage and supervise its employees, (2) the allegation that it failed to train employees regarding the proper procedure for unloading lumber, or (3) the allegation that the failure of Home Depot to manage, supervise, or train employees regarding the unloading of lumber was a proximate cause of Olen's injuries.

2. As to Kimzey, that there is no evidence to support (1) the allegation that Kimzey failed to obtain sufficient

assistance for unloading lumber, or (2) the allegation that such failure was a proximate cause of Olen's injuries.

Def.'s app. at 6. Plaintiffs did not file any response.[2]

### III.

### Uncontested Facts

The only summary judgment evidence consists of excerpts of an oral deposition given by Kimzey. He testified that:

When he was hired by Home Depot he underwent extensive training, including many classes on safety. Home Depot had furnished safety manuals for him to keep. He was required to attend supplemental safety training, held monthly. Home Depot maintained an employee designated as a resident safety monitor. On the date of the incident in question, Olen was returning a load of lumber consisting of five sixteen-foot boards, and Kimzey was instructed to unload them from Olen's vehicle. Although the load was light enough for Kimzey to move without assistance, he initially sought assistance from another Home Depot employee because he believed "it would be a lot quicker and faster to do it with somebody else." Def.'s app. at 10. After failing to find an available associate, Kimzey began to unload the boards of lumber one-by-one from Olen's vehicle. Sometime after Kimzey

---

[2] Such a failure to respond to a motion for summary judgment does not alone support the automatice granting of the motion. The moving party still must establish the absence of a genuine issue of material fact. See, e.g., Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). However, the court will assume that the movant's facts as claimed and supported by admissible evidence are uncontroverted and undisputed. Id. at 174.

3

began moving the lumber, it became apparent that Olen was displeased with the pace at which Kimzey was loading the boards into his truck. When Olen asked if Kimzey wanted his help, Kimzey replied: "No. I got it. Stand back." Def.'s app. at 17. Several seconds later, without any warning, Olen reached in to assist with the unloading and caused the accident.

IV.

Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth

specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597. <u>See also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

V.

<u>Analysis</u>

A.   <u>Home Depot</u>.

There is no summary judgment evidence to support plaintiffs' theory that Home Depot failed manage and supervise its employees or their theory that Home Depot failed to properly train its employees on the proper procedures for unloading lumber. The

5

only evidence is to the contrary.  Therefore, the court does not reach Home Depot's proximate cause ground.

B.   Kimzey.

There is no summary judgment evidence that Kimzey needed more assistance in unloading the lumber.  Therefore, the court does not reach proximate cause ground as to Kimzey's conduct.

VI.

O R D E R

For the reasons discussed,

The court ORDERS that plaintiffs' claims alleging failure of Home Depot to properly manage and supervise employees, and failure of Home Depot to properly train employees on the proper procedures for unloading lumber be, and are hereby, dismissed.

The court FURTHER ORDERS that the claim alleging that Kimzey failed to obtain sufficient assistance for unloading lumber be, and are hereby, dismissed.

SIGNED September 2, 2005.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge